FILED

2018 JAN 22 AM 11: 29

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO. FLORIDA

Orlando Division

Case No. 6:18-cv- 106 -Orl- 22-DCI

JESSICA GRAULAU,

     Plaintiff,

vs.

CREDIT ONE BANK, N.A., a
foreign corporation, a foreign corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, JESSICA GRAULAU (hereinafter "Plaintiff"), by and through her undersigned

counsel, sues Defendant, CREDIT ONE BANK, NATIONAL ASSOCIATION (hereinafter

"Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer

Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices

Act, Fla. Stat.§ 559.55 et seq. ("FCCPA").

## INTRODUCTION

     1.    Plaintiff alleges violation(s) of the Federal Telephone Consumer Protection Act,

47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat.§

559.55 et seq. ("FCCPA").

     2.    The TCPA was enacted to prevent companies like Defendant from invading

American citizen's privacy and prevent abusive "robo-calls."

     3.    "The TCPA is designed to protect individual consumers from receiving intrusive

*Jessica Graulau v. Credit One Bank, N.A.*
Page 2

_____

and unwanted telephone calls."   *Mims v. Arrow Fin. Servs., LLC*,    __ US __, 132 S.Ct. 740,

745, 181 L.Ed. 2d 881 (2012).

4.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of

modern civilization, they wake us up in the morning; they interrupt our dinner at night; they

force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the

wall.' 137 Cong. Rec. 30, 821 (1991 ).   Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling."   *Osorio v. State Farm*

*Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.     According to the Federal Communications Commission (FCC), "Unwanted calls

and texts are the number one complaint to the FCC.   There are thousands of complaints to the

FCC every month on both telemarketing and robocalls.   The FCC received more than 215,000

TCPA complaints in 2014."   Fact Sheet: Wheeler Proposal to Protect and Empower Consumers

Against Unwanted Robocalls, Texts to Wireless Phones, Federal Communications Commission,

(May 27, 2015), https://apps.fcc.gov/edocs public/attachmatch/DOC-333676A l.pdf.

6.     Likewise, the FCCPA is designed and adopted to reinforce individual consumers'

rights.

JURISDICTION AND VENUE

7.     Jurisdiction and venue for purposes of this action, are appropriate and conferred

by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the

TCPA.

8.     Subject matter jurisdiction and federal question jurisdiction, for purposes of this

*Jessica Graulau v. Credit One Bank, N.A.*
Page 3

---

action, are appropriate and conferred by 28 U.S.C. § 1331, which provides that the District

Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States; and, this action involves violations of 47 U.S.C. § 227(b)(l)(A)(iii).

*See Mims v. Arrow Fin. Servs., LLC,* S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank,*

*F.S.B.,* 746 F.3d 1242, 1249 (11th Cir. 2014).

      9.     Venue is proper in this District as Plaintiff was a resident in this District, the

violations described in this Complaint occurred in this District, and, Defendant transacts business

within this District.

      10.    Defendant is a foreign corporation with a principal place of business in Las

Vegas, NV.   Defendant is doing business in the State of Florida but has failed to appoint an

agent for service of process in Florida.   Accordingly, Defendant can be served under the Florida

Long Arm Statutes, §§48.193 and 48.194, Florida Statutes.

      11.    Defendant is subject to this Court's specific and general personal jurisdiction

under due process and/or the Florida Long Arm Statute due at least to defendants' substantial

business in this forum, including regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in Florida and in this district.

## FACTUAL ALLEGATIONS

      12.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange

County, Florida.

      13.    Plaintiff is a "consumer" as defined in Fla. Stat. § 559.55(8).

*Jessica Graulau v. Credit One Bank, N.A.*
Page 4

14.    Plaintiff is an "alleged debtor."

15.    Defendant is a "person" collecting an alleged obligation which arises out of personal, family or household transactions.

16.    The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6), as it arises from personal, family or household transactions.

17.    Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.,* 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242 (11th Cir. 2014).

18.    Defendant is a corporation attempting to collect an alleged consumer debt from Plaintiff.

19.    Defendant is a corporate entity with its principal place of business located at 585 Pilot Road, Las Vegas, Nevada 89119 and which conducts business within the State of Florida.

20.    Plaintiff is the subscriber, regular user and carrier of the cellular telephones numbers at issue, (407) XXX-6065 and (407) XXX-6063.

21.    On information and belief, Plaintiff received approximately 2,446 robocalls from Defendant on her cellular number: (407) XXX-6065.   These calls occurred from August 2014 through June 2015 and October 2016 through March of 2017.

22.    On information and belief, Plaintiff received approximately 1,500 robocalls from Defendant on her cellular number: (407) XXX-6063.   These calls occurred from October, 2016 and March of 2017.

23.    Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff

*Jessica Graulau v. Credit One Bank, N.A.*
Page 5

on numerous occasions by calling Plaintiff's cellular telephones with such frequency as can

reasonably be expected to harass and in an effort to collect an alleged consumer debt.

24.     Upon information and belief, some or all of the calls Defendant placed to

Plaintiff's cellular telephones were placed using an "automatic telephone dialing system"

(hereinafter "Autodialer"), which has the capacity to store or produce telephone numbers to be

called, using a random or sequential number generator (including but not limited to a predictive

dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §

227(a)(l) (hereinafter "autodialer calls").

25.     Furthermore, each of the calls at issue were placed by Defendant using an

artificial or prerecorded voice, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

26.     Upon receipt of the calls, Plaintiff's caller identification feature identified the

calls were being initiated from, but not limited to, the telephone numbers 813-255-2835, 813-

440-2834, 813-255-2848, 210-739-6460, 415-275-3800, 310-504-3253, 253-244-6151,813-321-

0150,520-320-8405,813-321-0806, and 361-271-1850.

27.     Upon Plaintiff's receipt of several calls from Defendant, Plaintiff answered the

call, received Defendant's artificial or prerecorded message, held on the line to be connected to a

live agent/representative and informed said agent/representative to immediately cease all calls to

her cellular telephones; furthermore, Plaintiff informed Defendant's aforementioned

agent/representative that its incessant calls were harassing her and demanded Defendant

immediately cease all calls to her cellular telephones; thereby, unequivocally revoking any

previously perceived expressed consent to be called using Defendant's Autodialer, predictive

*Jessica Graulau v. Credit One Bank, N.A.*
Page 6

_____

dialer, artificial voice or prerecorded message.

28.     During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff explicitly revoked any previously perceived expressed consent Defendant may have believed it had for placement of telephone calls to Plaintiff's cellular telephones by the use of an Autodialer or artificial voice or prerecorded message.

29.     Each subsequent call Defendant placed to Plaintiff's cellular telephones numbers was done so after Plaintiff explicitly revoked consent and without her express consent.

30.     Each subsequent call Defendant placed to Plaintiff's cellular telephones numbers was knowingly and willfully placed to her cellular phone without express consent.

31.     Each of the Plaintiff's requests for the harassment to end went ignored.

32.     Due to the extreme volume of calls Plaintiff received, Plaintiff was unable to maintain a fully contemporaneous call log of each and every call she received from Defendant.

33.     Defendant has, or should be in possession and/or control of, call logs, account notes, Autodialer reports and/or other records that detail the exact number of calls it placed to Plaintiff.

34.     Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse by continuing to call Plaintiff despite not having Plaintiff's express consent to call her cellular telephones.

35.     Defendant has corporate policies and/or procedures to use an Autodialer or artificial voice or prerecorded message, and to place autodialed calls, just as it did to Plaintiff's cellular telephones in this case, with no way for the called party and recipient of the calls,

*Jessica Graulau v. Credit One Bank, N.A.*
Page 7

_____

including Defendant, to permit, elect, or invoke the removal of Plaintiff's cellular number from Defendant's call list.

36.     The structure of Defendant's corporate policies and procedures permits the continuation of calls to individuals like Plaintiff, despite these individuals revoking any consent, or perceived consent, Defendant may have believed it had to place such calls.

37.     Defendant's corporate policies and procedures provided no means for Plaintiff to have her cellular number removed from Defendant's call list; or, otherwise invoke and/or request the cessation and/or suppression of calls to Plaintiff from Defendant.

38.     Defendant has corporate policies or procedures of using an Autodialer or an artificial voice or prerecorded message to collect alleged debts from individuals, such as Plaintiff, for its financial benefit.

39.     Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's cellular telephones number by the use of an Autodialer or an artificial voice or prerecorded message immediately upon Defendant's placement of the calls.

40.     Defendant knowingly employs methods and/or has corporate policies and/or procedures designed to harass and abuse individuals such as Plaintiff.

41.     Defendant knowingly employs methods that do not permit the cessation or suppression of autodialed calls to Plaintiff's cellular telephones.

42.     None of Defendant's telephone calls placed to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

43.     As recently acknowledged by Judge Easterbrook of the Seventh Circuit Court of

*Jessica Graulau v. Credit One Bank, N.A.*
Page 8

Appeals in *Patriotic Veterans, Inc. v. Zoeller*, "every call uses some of the phone owner's time and mental energy, both of which are precious."

44.     For each call Defendant placed to Plaintiff's cellular telephones without express consent, Plaintiff suffered from the occupation of her cellular telephones line and cellular telephones by unwelcomed calls which made the cellular phone unavailable for legitimate incoming or outgoing calls.

45.     For each call Defendant placed to Plaintiff's cellular telephones without express consent, Plaintiff suffered from unnecessary expenditure of her time.   The time Plaintiff spent on answered calls was unnecessary because she repeatedly asked for calls to stop. Additionally, Plaintiff expended unnecessary time for unanswered calls by dealing with notifications and call logs that reflected the unwanted calls. Furthermore, this also impaired the usefulness of these features of Plaintiff's cellular telephones, which are designed to inform the user of important missed communications.

46.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff.

47.     Each and every call Defendant placed to Plaintiff's cellular telephones without express consent resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephones' battery power.

48.     Each and every call Defendant placed to Plaintiff's cellular telephones without express consent resulted in the injury of trespass to Plaintiff's chattel, namely her cellular telephones and cellular telephones services.

*Jessica Graulau v. Credit One Bank, N.A.*
Page 9

_____

49.     As a result of aforementioned tenacious phone calls and collection efforts,

Plaintiff was affected, both personally and individually, as she experienced an invasion of

privacy and the intrusion upon her right of seclusion. Plaintiff also suffered from stress, anxiety,

worry, pain and suffering, nausea, crying, and headaches.     Additionally, Plaintiff experienced

loss of tranquility of old age, sleep, and strain was placed on her marriage.

50.     Furthermore, Plaintiff was hindered by the loss of phone battery life and phone

minutes as well as the cost of additional charging, and the intrusion upon and occupation of the

capacity of her cell phone.   All of the abovementioned were caused by, and/or directly related

to, Defendant's attempts to collect a consumer debt allegedly owed by Plaintiff.

### COUNT I
### (Violation of the TCPA)

51.     Plaintiff incorporates and realleges paragraphs 1 through 50 as if fully set forth

herein.

52.     Defendant willfully violated the TCPA with respect to Plaintiff, especially for

each of the Autodialer calls it made to Plaintiff's cellular telephones after Plaintiff notified and

requested Defendant that she wished for the calls to immediately cease.

53.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular

telephones using an Autodialer or artificial voice or prerecorded voice message without

Plaintiff's prior express consent and in violation of federal law, including 47 U.S.C §

227(b)(l)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and

judgment against Defendant for statutory damages, punitive damages, actual damages, treble

*Jessica Graulau v. Credit One Bank, N.A.*
Page 10

---

COUNT II
(Violation of the FCCPA)

54. Plaintiff realleges and fully incorporates Paragraphs one (1) through fifty-one (51) above as if fully stated herein.

56. At all times relevant to this action, Defendant is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat.§ 559.72.

57. Defendant violated Fla. Stat. §559.72(7) by willfully engaging in conduct with such frequency as can reasonably be expected to harass the debtor.

58. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat.§ 559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.


**I declare (or certify) under penalty of perjury that the foregoing is true and correct.**

Jessica Graulau

*Jessica Graulau v. Credit One Bank, N.A.*
Page 11

_____

      Dated this 22nd day of January, 2018.

                                                                                N. James Turner, Esq.
                                                                                Attorney for Plaintiff
                                                                                Florida Bar No 0203041
                                                                                100 S. Bumby Avenue
                                                                                Orlando, FL 32803
                                                                                (888) 877-5103
                                                                                Email:   njtlaw@gmail.com